UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELOISA GOMEZ TELKAMP, : CIVIL ACTION NO. |
| Plaintiff, : 3:15-CV-726 (JCH) |
| : |
| v. : |
| : |
| VITAS HEALTHCARE CORP. : |
| ATLANTIC et al., : DECEMBER 23, 2016 |
| Defendants. : |

**RULING RE: DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO POST BOND (DOC. NOS. 202, 203, 204, 205, 207, 209)**

**I.   INTRODUCTION**

Plaintiff Eloisa Gomez Telkamp ("Telkamp") instituted this action by filing a complaint in federal court on May 14, 2015.  See generally Compl. (Doc. No. 1).  She subsequently filed two amended complaints in June 2015.  See generally Am. Compl. (Doc. No. 5); First Am. Compl. (Doc. No. 17).  In the First Amended Complaint, Telkamp brought claims against eighteen defendants: Vitas Healthcare Corp. Atlantic ("Vitas"), Genesis Healthcare, LLC ("Genesis"), Vittorio Ferrero ("Ferrero"), Erin Dunning ("Dunning"), Gail Ward Curland ("Curland"), Melissa Monte ("Monte"), Deidre Cronin-Vorih ("Cronin-Vorih"), Christopher Banks ("Banks"), Michael McCarthy ("McCarthy"), Lawrence & Memorial Hospital, Inc. ("L+M Hospital"), Kristy Davenport ("Davenport"), Laina Brassch ("Brassch"), Ashley Creswell ("Creswell"), Paula Edwards ("Edwards"), Chester Kaniecki ("Kaniecki"), Groton Ambulance Association ("Groton Ambulance"), Kim Trowbridge ("Trowbridge"), and Tamara Martin-Linnard ("Martin-Linnard").  See First Am. Compl. at 1.

1

Shortly thereafter, in mid-July 2015, two groups of defendants—Banks and McCarthy and Braasch, Davenport, and L+M Hospital—filed Motions for Security for Costs. See generally Mot. for Security for Costs (Doc. No. 23); Mot. for Security for Costs (Doc. No. 24). The court granted the Motions, absent objection. See Order (Doc. No. 34); Order (Doc. No. 38).

All of the defendants except for two subsequently filed Motions to Dismiss Telkamp's First Amended Complaint.[1] See generally Mot. to Dismiss (Doc. No. 35); Mot. to Dismiss (Doc. No. 37); Mot. to Dismiss (Doc. No. 52); Defs.' Mot. to Dismiss (Doc. No. 63); Mot. to Dismiss of Defs. Genesis HealthCare, LLC, Gail Ward Curland, Tamara Martin-Linnard, & Erin Dunning Pursuant to Rule 12(b), F.R.Civ.P. (Doc. No. 67); Ashley Creswell's Mot. to Dismiss (Doc. No. 70); Mot. to Dismiss on Behalf of Defs. Vitas Healthcare Corp. Atlantic & Kim Trowbridge (Doc. No. 79). The court granted in part and denied in part the various Motions to Dismiss. See Ruling (Doc. No. 88) at 56–58 (summarizing court's rulings).

In September 2016, the court denied without prejudice defendants' Motions to Dismiss for failure to post the requisite bonds.[2] See Order (Doc. No. 163); Order (Doc. No. 164); Order (Doc. No. 165). However, the court ordered Telkamp to show cause within 14 days why the Orders granting the bond should be set aside and, failing that,

---

[1] Banks and McCarthy filed an Answer to the First Amended Complaint on September 2, 2015. See generally Answer to Am. Compl. & Affirm. Defenses (Doc. No. 50).

[2] Neither Banks nor McCarthy initially filed a Motion to Dismiss for failure to post the requisite bonds. All the other remaining defendants did. See generally Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 139); Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 146); Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 149); Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 151); Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 152).

gave Telkamp 14 more days to post the required bonds. If Telkamp did neither, the court advised the defendants that they could refile their Motions to Dismiss for failure to post the bonds. See Order (Doc. No. 163); Order (Doc. No. 164); Order (Doc. No. 165).

Once more than 28 days had elapsed, each of the defendants[3] filed renewed Motions to Dismiss for failure to post the bond. See Mot. to Dismiss (Doc. No. 202); Mot. to Dismiss (Doc. No. 203); Mot. to Dismiss (Doc. No. 204); Mot. to Dismiss (Doc. No. 205); Mot. to Dismiss (Doc. No. 207); Mot. to Dismiss (Doc. No. 209).[4] Each of these motions has been accompanied by a Notice to Pro Se Litigant, in accordance with Local Rule 12. See generally Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. 202-1); Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. No. 203-1); Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. No. 204-1); Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. No. 206); Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. No. 207-1); Notice to Pro Se Litigant Opposing Mot. to Dismiss as Required by Local Rule 12(a) (Doc. No. 209-1). Notwithstanding Telkamp's failure to comply with the court's prior Orders (Doc. Nos. 163, 164, 165), the court gave her another, final notice that, if the Clerk of Court did not receive her $1,000 bond[5] by December 13, 2016

---

[3] In this round of Motions to Dismiss, Banks and McCarthy filed a motion along with all the other defendants. See generally Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 209).

[4] Vitas's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) was granted. See Ruling (Doc. No. 88) at 56. However, subsequent filings have nonetheless listed Vitas, along with Trowbridge, as the parties raising the arguments therein. See, e.g., Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 139) at 1.

[5] Telkamp was ordered to deposit $500 for each of the two Motions for Security for Costs (Doc. Nos. 23, 24). See Orders (Doc. Nos. 34, 38).

at Noon, the pending Motions to Dismiss would be granted.  See Notice to Pl. Eloisa Gomez Telkamp (Doc. No. 210) at 2.[6]

## II.    LEGAL STANDARD

Local Rule 83.3(a) "entitle[s]" defendants "on request to the Clerk [of Court] to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs to be given within thirty days from the entry of such order." D. Conn. Civ. R. 83.3(a).  Notably, failure to comply with such an order "may be grounds for summary dismissal or default upon application by a party and notice to the non-complying party." Id.  Requirements to post bond are designed "to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." Santora v. All About You Home Care Collaborative Health Care Svc, LLC, No. 3:09CV00339 (DJS), 2010 WL 4942665, at *3 (D. Conn. Nov. 23, 2010) (quoting Selletti v. Carey, 173 F.3d 104, 112 (2d Cir. 1999)).

The Second Circuit has emphasized that security requirements are "not [to] be used as a means to dismiss suits of questionable merit filed by plaintiffs with few resources." Id. (quoting Selletti v. Carey, 173 F.3d 104, 112 (2d Cir. 2012)).  Moreover, indigent parties may receive relief from a bond obligation: the court may "modify or

---

[6] In addition to the Motions to Dismiss for failure to post bond, the following Motions are currently pending before the court: Motions for Summary Judgment filed by Cronin-Vorih and Monte (Doc. No. 166), Banks and McCarthy (Doc. No. 167), Braasch, Creswell, Davenport, and L+M Hospital (Doc. No. 169), Edwards, Groton Ambulance, and Kaniecki (Doc. No. 175), Trowbridge and Vitas (Doc. No. 176),[6] Martin-Linnard (Doc. No. 178), and Telkamp (Doc. No. 182); a Motion for Rule 11 Sanctions or in the Alternative Extension of the Discovery Period by Sixty Days filed by Groton Ambulance, Edwards, and Kaniecki (Doc. No. 172); and a Motion for Leave to File a Reply to Defendants Michael McCarthy and Christopher Banks' Local Rule 56(a)(2) Statement filed by Telkamp (Doc. No. 211).

4

waive the requirements" of Local Rule 83.3(a) "[u]pon good cause shown."  D. Conn. Civ. R. 83.3(b).

The court is also mindful of its obligation to construe pro se filings "liberally, applying less stringent standards than when a plaintiff is represented by counsel." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam).  Pro se filings "must be . . . interpreted 'to raise the strongest arguments that they suggest.'"  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

### III. DISCUSSION

The court ordered Telkamp to pay the $1,000 bond well over a year ago.  See generally Order (Doc. No. 34); Order (Doc. No. 38).  In addition to the expiration of the thirty days set forth in Local Rule 83.3(a), the court has afforded Telkamp multiple, supplemental notices of her obligation to post the bond.  See Order (Doc. No. 163); Order (Doc. No. 164); Order (Doc. No. 165); Notice to Pl. Eloisa Gomez Telkamp (Doc. No. 210).  Although Telkamp filed Oppositions to the August 2016 Motions to Dismiss for Failure to Post Bond, see generally Pl.'s Responses to Defs.' Mots. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. Nos. 157, 158, 160, 161, 162), she has not filed objections to any of the renewed motions.  Moreover, she has made no reply to the court's most recent Notice, in which the court clearly told Telkamp that "EACH OF THE PENDING MOTIONS TO DISMISS [WOULD] BE GRANTED," if the Clerk of Court did not receive the bond by December 13, 2016.  See Notice to Pl. Eloisa Gomez Telkamp (Doc. No. 210) at 2.  To date, no payment has been received.

"Although the [c]ourt may modify or waive such costs," in conformity with Local Rule 83.3(b), plaintiffs must show good cause before the court will do so. See Huminski v. Connecticut, No. 3:14-CV-1390 (MPS), 2015 WL 1825966, at *2 n.5 (D. Conn. Apr. 22, 2015). Telkamp has not made any showing demonstrating an inability to pay the bonds or asked the court to waive them. While Telkamp opposed the original group of Motions to Dismiss, see, e.g., Pl.'s Resp. to Defs.' Mot. to Dismiss for Failure to Post Bond Pursuant to Local Rule 83.3(a) (Doc. No. 157) at 1, she addressed her failures to object to the bond requirement, but did not state a good cause for the court to relieve her of posting security. In response, the court explicitly advised Telkamp that she had "14 days to show cause why the Order granting the bond should be set aside for good cause." See Orders (Doc. Nos. 163, 164, 165). She has filed nothing in response.

Therefore, having given Telkamp numerous opportunities to move the court for waiver of the bond requirement or to pay the bond, the court **GRANTS** each of the pending Motions to Dismiss (Doc. Nos. 202, 203, 204, 205, 207, 209).

## IV.  CONCLUSION

The Motions to Dismiss for Failure to Post Bond (Doc. Nos. 202, 203, 204, 205, 207, 209) are **GRANTED**. The pending Motions for Summary Judgment (Doc. Nos. 166, 167, 169, 175, 176, 178, 182) are therefore **TERMINATED AS MOOT**. Similarly, the Motion for Rule 11 Sanctions or in the Alternative Extension of the Discovery Period by Sixty Days—which requests dismissal or an extension of discovery, see Defs.' Mot. for Rule 11 Sanctions or in the Alternative Extension of Discovery Period by Sixty Days (Doc. No. 172) at 20—is also **TERMINATED AS MOOT**. Last, Telkamp's Motion for Leave to File Reply to Defendants Michael McCarthy and

6

Christopher Banks' Local Rule 56(a)(2) Statement (Doc. No. 211) is **TERMINATED AS MOOT**.

The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 23d day of December, 2016.

    __/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge